UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.  10-21837-Civ-COOKE/BANDSTRA

OTTO GENER, *et al.*,

    Plaintiffs

vs.

REPROGRAPHICS SERVICES, INC., *et al.*,

    Defendants.

_____/

## **ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM**

This matter is before me on Plaintiff Otto Gener's Motion to Dismiss Counterclaim [ECF No. 13] and Defendants' Response in Opposition [ECF No. 18].  I am granting Plaintiff's Motion.

### *I. BACKGROUND*

Plaintiff Otto Gener alleges in his Complaint that Defendants violated the Fair Labor Standards Act ("FLSA") by failing to pay him overtime when he worked more than forty hours in a given week (Count I), failing to pay him the federal minimum wage from September 18, 2008 through October 3, 2008 (also Count I), and terminating his employment in retaliation for Plaintiff's complaints about their violations of the FLSA (Count III). [ECF No. 1]. Defendants Reprographics Services, Inc. and Alex Peysakhovich filed an Answer, Affirmative Defenses, and a Counterclaim in response to Plaintiff's Complaint.  [ECF No. 9]. In their Counterclaim, Defendants allege that Plaintiff breached a "good faith implied contract" by refusing to repay funds that he was erroneously paid (Count I), failed to repay $700.00 that Defendants loaned to him (Count II), and obtained funds and salary that he had no right to (Count II). Plaintiff filed a

motion to dismiss Defendants' Counterclaim because it is allegedly permissive, not compulsory, and this court therefore lacks subject matter jurisdiction.

## II. LEGAL STANDARD

A district court has ancillary jurisdiction over non-diverse parties to a counterclaim only if the counterclaim is compulsory. *Noonan South, Inc. v. Volusia Cnty.*, 841 F.2d 380, 382 n.2 (11th Cir. 1988). Rule 13(a) defines a compulsory counterclaim as any claim that arises out of the transaction or occurrence that is the subject matter of the opposing party's claim. *Republic Health Corp. v. Lifemark Hosp. of Fla.*, 755 F.2d 1453, 1455 (11th Cir. 1985) (citing Fed. R. Civ. P. 13). This circuit uses the logical relationship test for determining whether a counterclaim is compulsory. *Id.* (citation omitted). Under this test, there is a logical relationship when the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights, otherwise dormant, in the defendant. *Id*.

A motion to dismiss under Rule 12(b)(1) may assert either a factual attack or a facial attack to jurisdiction. *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (citations omitted). In a facial attack, the court examines whether the complaint has sufficiently alleged subject matter jurisdiction. *Id*. As it does when considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court construes the complaint in the light most favorable to the plaintiff and accepts all well-pled facts alleged in the complaint as true. *Id.*

## III. ANALYSIS

Plaintiff argues that Defendants' state law Counterclaim must be dismissed because it does not rise out of the same transaction or occurrence as Plaintiff's FLSA claims. Defendants respond that its Counterclaim is compulsory because all of the claims at issue arise out of Plaintiff's employment with Defendants, but they fail to cite to a single case that supports this

contention. In contrast, a number of courts in this district have found that a counterclaim was not compulsory, despite the existence of an employment relationship. *See, e.g. Bullion v. Ramsaran*, No. 07-61463, 2008 WL 2704438 (S.D. Fla. July 7, 2008) (granting motion to dismiss counterclaim in FLSA case where defendant alleged that he had to pay someone else to do work that plaintiff failed to perform); *Hutton v. Grumpie's Pizza and Subs, Inc.*, No. 07-81228, 2008 WL 1995091 at *3 (11th Cir. May 7, 2008) ("Plaintiff's claim for denial of overtime pay and Defendants' Counterclaim that Plaintiff stole money do not, as plead, appear to arise out of the same operative facts"). Here, Defendants allege that Plaintiff was overpaid certain wages and loaned money which he failed to repay. These claims do not arise out of the same transaction or occurrence as Plaintiff's claim that Defendants failed to pay their employees overtime pay when they worked more than forty hours in a given week, failed to pay him any wages during his first week, and fired him after he complained about these violations. I am granting Plaintiff's motion.

### *IV. CONCLUSION*

Accordingly, Defendant's Motion to Dismiss Counterclaim [D.E. 13] is **GRANTED**.

**DONE AND ORDERED** in Chambers, Miami, Florida this 27th day of July 2010.

_____
MARCIA G. COOKE
United States District Judge

cc:
The Honorable Ted E. Bandstra
All counsel of record